In the United States District court

District of Minnesota

Noah J. McCourt

*Plaintiff*

V.

Carver County Sheriff's Dept.

*Defendant*

## COMPLAINT

Plaintiff Noah McCourt appearing Pro Se brings this complaint against the Carver County Sheriff's Department.

1. Twenty-eight years after the passage of the American with Disabilities Act and forty-five years after the passage of the Rehabilitation act of 1973, the Carver County Sheriff's Department is isolating inmates/detainees with developmental disabilities from the general population.

2. Among the primary purposes of the ADA is ensuring that programs and services are administered in the most integrated setting.

3. The Carver County Sheriff's Department has systematically, knowingly and deliberately discriminated against plaintiff and other developmentally disabled inmates who have been detained in the Carver County jail.

## JURISDICTION

4. This action arises out of the laws of the United States. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. 1331 and 1343

5. Venue is proper in this court pursuant to 28 U.S.C 1391 (b) as all of the events relevant to this suit occurred in the district of Minnesota.

## PARTIES

6. Plaintiff Noah J. McCourt is a disability rights activist who at all times relevant to this suit has been a resident of the state of Minnesota. Plaintiff has Autism Spectrum Disorder and is substantially limited in several major life activities.

7. Defendent is the Carver County Sheriff's department, who operate a county jail pursuant to Minn. Stat. 641.01 ,as such they are a public entity as the term is used in Title II of the ADA 42 USC 1231 and Section 504 of the Rehabilitation Act of 1973 29 USE 794

## FACTUAL ALLEGATIONS

8. Plaintiff has Autism Spectrum Disorder

9. Like many high functioning Autistics, plaintiff has sensory integration disorder and co-occurring Anxiety and Mood disorders.

10. Plaintiff was detained pre-arraignment at the Carver County Jail on at least one occasion in 2017 to the present.

11. At all times officers knew plaintiff had Autism Spectrum disorder.

12. Despite the fact that the Carver County Sheriff's department knew Plaintiff had a disability, officers kept him isolated from general population in solitary confinement conditions.

13. The Carver County Sheriff's department denied plaintiff access to services, programs and activities available to other inmates at the facility either on the basis of disability or a refusal to accommodate said disability

14. The actions described above discriminate against the plaintiff on the basis of disability

15. Plaintiff was harmed by the Carver County Sheriff's Departments refusal to provide access to services programs and activities on nondiscriminatory terms

16. Plaintiff was harmed by inability to participate in the same services, programs and activities as other inmates.

17. Plaintiff is being charged with a probation violation which is De minimus and due to failures on part of law enforcement and other entities to accommodate a disability. For these reasons,the Plaintiff will likely be further detained in the future unless the Carver county Sheriff's office is ordered to comply with the American with Disabilities Act and the Rehabilitation Act of 1973.

18. For these and numerous other reasons the Carver County Sheriff acted with deliberate indifference to the strong likelihood that pursuit of its questioned policies and practices and its discrimination would likely result in violation of the Plaintiff's Federally protected rights.

## FIRST CLAIM OF RELIEF

(Section 504 of the Rehabilitation Act)

19. Plaintiffs incorporate the allegations set forth in the remainder of this complaint ad fully set herein:

20. Section 504 of the Rehabilitation Act prohibits discrimination by recipients of Federal financial assistance. 29 USC 794

21. Plaintiff is an individual with a disability within meaning of Rehabilitation Act of 1973

22. The Carver County Sheriff's Department discriminated against the Plaintiff in implementing such policies as described above including but not limited to failing to provide services, programs and activities in an integrated setting.

23. Plaintiff was qualified to participate in services, programs and activities while detained at the Carver County Jail.

24. Carver County Sheriff's Department denied Plaintiff access to programs, services in most integrated setting, thereby violating the Rehabilitation Act of 1973

25. Despite the clear provisions of the Rehabilitation Act of 1973, knowledge of the deficiencies of their policies and practices and the plaintiffs disability, the Carver County Sheriff's Department persisted in imposing conditions and practices that discriminated against the plaintiff and others with Developmental Disabilities.

26. As a direct and proximate result of the acts, omissions and violations alleged above, the plaintiff has suffered damages including pain and suffering, emotional distress, inconvenience and impact on quality of life

27. Plaintiff has been aggrieved and injured and will continue to be aggrieved and injured by Carver County Sheriffs discrimination

SECOND CLAIM OF RELIEF

(Title II of the American with Disabilities Act)

28. Plaintiff incorporates the allegations set forth in the remainder of this complaint as set forth herein:

29. Title II of the American with Disabilities Act prohibits discrimination on the basis of disability by public entities 42 USC 12132

30. The Carver County Sheriff's department is a public entity as defined in Title II of the American with Disabilities Act.

31. Plaintiff is an individual with a disability within meaning of American with disabilities act

32. The Carver County Sheriff's Department discriminated against the plaintiff in violation of Title II of the ADA.

33. Plaintiff was qualified to participate in services, programs and activities provided to other inmates within meaning of Title II of the ADA.

34. The Carver County Sheriff's Department denied the plaintiff access to programs, services and activities provided to other inmates at the Carver County Jail, thereby violating Title II of the ADA

35. Despite the clear provisions of the ADA, their knowledge of deficiencies in their policies and practices and its knowledge of the plaintiff's disability, the Carver county Sheriff's Department persisted in imposing conditions and practices that discriminated against the plaintiff and others with Developmental disabilities.

36. As a direct and proximate result of the acts omissions and violations alleged above, the plaintiff has suffered damages including pain and suffering, emotional distress and impact on quality of life.

37. Plaintiff has been injured and aggrieved and will continue to be injured and aggrieved by the Carver County Sheriff Department's discrimination

WHEREFORE, the Plaintiff respectfully requests;

1. That this court assumes Jurisdiction;

2. That this court declares the actions of the Defendant to be in violation of the American with Disabilities Act and the Rehabilitation Act of 1973

3. That this court enter a judgment ordering Defendant to cease their discrimination against developmentally disabled inmates and detainees including the plaintiff

4. That this court awards Plaintiff Compensatory damages

5. That this court awards Plaintiff reasonable Attorney's fees and costs and;

6. That this court awards such additional or alternative relief as may be just, proper and equitable respectfully submitted,


Noah J. McCourt

33 W Lake St 404

Waconia MN 55387