# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

NOAH J. MCCOURT,

        Plaintiff,

v.

CARVER COUNTY SHERIFF'S DEPARTMENT,

        Defendant.

Case No. 18-CV-1649 (JRT/DTS)

**ORDER**

      Plaintiff Noah J. McCourt brings this action against the Carver County Sheriff's Department for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.  McCourt did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status.  *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

      Upon review, this Court concludes that McCourt qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and

draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As an initial matter, McCourt has not named an appropriate defendant to this matter. County sheriff's departments are not legal entities amenable to suit. *See De LaGarza v. Kandiyohi County Jail*, 18 Fed. App'x 436 (8th Cir. 2001) (per curiam); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit"). Without an appropriate defendant, this matter cannot proceed.

Even leaving that aside, though, McCourt has not alleged sufficient facts demonstrating a violation of his federal rights. Although McCourt alleges that he was denied "access to services programs and activities [sic]," Compl. ¶ 17 [ECF No. 1], he does not provide any examples of services, programs, or activities denied to him. Nor does he explain *how* anyone associated with Carver County denied him those services, programs, or activities. McCourt's complaint is entirely conclusory, and conclusory allegations are not entitled to an assumption of truth. *See*

*Iqbal*, 556 U.S. at 679. McCourt must explain in greater detail what he believes to have occurred.[1]

Rather than recommending dismissal of this action at this time, the Court will afford McCourt an opportunity to amend his complaint. The amended complaint must provide sufficient non-conclusory factual allegations to allow a factfinder to conclude, should those factual allegations be proved true, that McCourt's federal rights were violated. The amended complaint must also name an appropriate defendant or defendants. Finally, the amended complaint must comply in all other respects with the Federal Rules of Civil Procedure and this District's local rules. The amended complaint must be submitted within 20 days of this order, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The application to proceed *in forma pauperis* of plaintiff Noah J. McCourt [ECF No. 2] will not be granted at this time.

---

[1] This Court notes that McCourt has separate litigation raising claims under the Americans with Disabilities Act and Rehabilitation Act of 1973 against, among other defendants, the Carver County Sheriff's Department. *See McCourt v. Carver County Sheriff's Department*, No. 18-CV-1651 (PJS/DTS) (D. Minn. filed June 13, 2018). Although the sheriff's department is not an appropriate defendant, the correct defendants in those two actions are likely to be similar, if not entirely the same. McCourt may therefore bring all claims against those defendants in a single lawsuit. *See* Fed. R. Civ. P. 18(a). This Court encourages McCourt to do so, unless there is a considered reason not to do so.

2. McCourt must submit an amended complaint, as described above, within 20 days of this order, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Dated: June 19, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge